AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| United States of America<br><br>v.<br><br>SAMUEL JAMES BROWN,<br><br>Defendant(s) | Case No.   2:21-mj-03005-DUTY |

**LODGED**
CLERK, U.S. DISTRICT COURT
6/24/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: _____JB_____ DEPUTY

**FILED**
CLERK, U.S. DISTRICT COURT
JUNE 24, 2021
CENTRAL DISTRICT OF CALIFORNIA
BY: _____AF_____ DEPUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of June 23, 2021, in the county of Los Angeles in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2250(a) | Failure to Register Under the Sex Offender Registration and Notification Act |

This criminal complaint is based on these facts:

   *Please see attached affidavit.*

   ☒ Continued on the attached sheet.

/s/ Leonel Luna
Complainant's signature

Leonel Luna, Deputy U.S. Marshal
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:   June 24, 2021

Judge's signature

City and state:   Los Angeles, California

Hon. Alka Sagar, U.S. Magistrate Judge
Printed name and title

AUSA: Maria Elena Stiteler (x6148)

**AFFIDAVIT**

I, Leonel Luna, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against SAMUEL JAMES BROWN, also known as SAMUEL J. BROWN ("BROWN"), for a violation of Title 18, United States Code, Section 2250(a): Failure to Register Under the Sex Offender Registration and Notification Act ("SORNA").

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF AFFIANT

3. I am a Deputy U.S. Marshal ("DUSM") with the United States Marshal Service ("USMS"), and have been so employed since December 2010. I am currently assigned to the Sex Offenders Investigative Branch in the Los Angeles Office, Central District of California. During the twenty-five weeks of training I completed at the Federal Law Enforcement Training Center in Glynco, Georgia, I received specific training in the areas of fugitive apprehension, interviews, interrogations, affidavit

writing and legal matters, to include searches and seizures. Prior to becoming a DUSM, I was employed as a Detention and Removal Officer ("DRO") for Immigration and Customs Enforcement of Homeland Security. As a DRO, I attended a law enforcement academy for a total of thirteen weeks and I received extensive training in immigration law and investigations.

4. During my employment as a DUSM, I have conducted and participated in numerous investigations of criminal activity and fugitive apprehension. My responsibilities include investigating individuals who are convicted sex offenders who have failed to register as required by SORNA, and I have conducted numerous investigations of individuals who are in violation of sex offender registration statutes.

### III. SUMMARY OF PROBABLE CAUSE

5. On July 21, 2000, BROWN was convicted in the United States District Court in the Western District of Texas of five counts of violating 18 U.S.C. § 2252A(a)(2)(A) - Receiving Child Pornography. As a result of these convictions, BROWN is required to register as a sex offender. BROWN was warned at least twice about his duty to register as a sex offender. First, on or about February 5, 2003, BROWN was notified that he was subject to registration as a sex offender in any state in which he resided. Second, on or about October 4, 2004, when BROWN registered as a sex offender in Zavala County, Texas, he signed a form that notified him of his registration obligations, including that he had an annual duty to register in Texas. BROWN never registered again in Texas, and a Texas state warrant

was issued for his arrest in 2016 for this failure.  BROWN moved to California in approximately October 2013, and has not registered as a sex offender with his local police department, nor at any other police department in California.

   6.   On June 23, 2021, Homeland Security Investigations ("HSI") and USMS agents executed a federal search warrant on BROWN's residence seeking evidence of child pornography and SORNA violations.  During the execution of the search warrant, BROWN admitted that he possessed thousands of videos containing child pornography and confirmed that he had registered as a sex offender only once, in Zavala County, Texas, in 2004.  Moreover, BROWN stated to agents executing the search warrant that if he was not arrested, he would immediately flee, and suggested that he would flee to a country that does not extradite to the United States.

### IV.   STATEMENT OF PROBABLE CAUSE

   7.   Based on my review of law enforcement reports, conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

   **A.   BROWN's Conviction for Receiving Child Pornography and Registration Requirement**

   8.   As I understand from having reviewed BROWN's criminal history report, the Indictment and Judgment and Commitment Order from the United States District Court, Western District of Texas (case number 2:99-CR-298-AM), and the registration documents associated with that case:

a.  On or about March 23, 1999, BROWN was arrested by the U.S. Customs Service in Del Rio, Texas, for multiple counts of Receiving Child Pornography.  On July 21, 2000, BROWN was convicted in the United States District Court for the Western District of Texas on five counts of violating 18 U.S.C. § 2252A(a)(2)(A) – Receiving Child Pornography.  Following his conviction, BROWN was incarcerated for a term of 57 months.

b.  On or about May 12, 2003, BROWN was released from federal prison with a 36-month term of supervised release.  On or about February 5, 2003, before BROWN's release, BROWN signed the Sex Offender and Treatment Notification form, which notified him that "You are subject to registration as a sex offender in any state which you reside, are employed, carry on a vocation, or are a student."

c.  On or about April 1, 2004, BROWN was found to have violated his conditions of supervised release and was incarcerated for an additional 18 months.  On or about October 1, 2004, BROWN was released, and on or about October 4, 2004, BROWN registered as a sex offender in Zavala County, Texas.  On the Texas Department of Public Safety sex offender registration form, BROWN acknowledged that "I have been notified and understand the requirements of my duty to register as a sex offender in Texas pursuant to the provisions set forth in chapter 62 CCP (including article 62.04 CCP).  Failure to abide by these requirements could subject me to criminal prosecution pursuant to CCP, article 62.10."  According to the form, BROWN was required to verify his registration annually.

        d.    Texas records show that after BROWN's single registration in 2004, BROWN failed to register or verify his registration in Texas.  A check of the National Crime Information Center ("NCIC") indicated BROWN had an extraditable warrant (dated August 9, 2016) from the Zavala County Sheriff's Office in Texas for "Failure to Comply with Registration Requirements Third Degree Felony" and "Full Extradition."[1]

    **B.    Federal Agents Discover BROWN Living in the Central District of California Without Registering**

    9.    On November 2, 2020, SA Baker informed me that BROWN was believed to have relocated to Los Angeles, CA.  I queried the California Sex Offender & Arson Registry ("CSAR") and found no record of BROWN ever registering in the state of California.

    10.   On December 9, 2020, I received a letter from the California Department of Justice ("CAL DOJ") Assessment Unit stating that they had concluded that BROWN was required to register in California for life as a sex offender per California Penal Code 290.

    11.   On June 22, 2021, the Honorable Charles Eick issued warrants in case numbers 2:21-mj-2975 and 2:21-mj-2976 authorizing the government to search BROWN's residence (located at St. Elmo Drive in Los Angeles, California) and person for evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 2252A(a)(2) (receipt and distribution of child

---

[1] I understand from speaking to HSI Special Agent ("SA") Derek Baker that on or about June 7, 2021, he contacted the Zavala County Sheriff's Office and determined that, while the warrant is still active, the Zavala County Sheriff's Office is no longer seeking extradition of BROWN.

pornography); 2252A(a)(5)(B) (possession of and access with intent to view child pornography); and 2250(a) (failure to register as required by the Sexual Offender Registration and Notification Act). The warrants and affidavits in support thereof are incorporated herein by reference.

    **C.    BROWN Admits that He Failed to Register, that He Possesses Thousands of Videos Containing Child Pornography, and that He Intends to Flee the Country**

12. On June 23, 2021, HSI and USMS agents, including SA Baker and myself, executed the federal search warrants at BROWN's residence. During the execution of these warrants, SA Baker and I interviewed BROWN. This interview was audio and video recorded. Based on my own recollection of the interview and my review of the audio recording, I am aware of the following:

    a. SA Baker informed BROWN that he was not under arrest, and could terminate the interview or leave the room. SA Baker read BROWN his Miranda rights, and BROWN agreed to waive his rights.

    b. BROWN confirmed his previous arrest and conviction in Texas for Receipt of Child Pornography. BROWN claimed that although he registered as a sexual offender upon his release, he was not aware he had to continue to register, but instead that his probation officer had told him that he only needed to register a single time when he was first released. BROWN stated he permanently moved to California in October 2013 and has been residing in the state ever since that time.

      c.  When SA Baker asked BROWN whether he would find any videos of child pornography on BROWN's computer, BROWN extended his hands towards SA Baker, as if to make it easier to be handcuffed.  BROWN stated he possessed thousands of videos containing child pornography.  BROWN then stated that if he were not arrested, he would flee to where the government will not be able to find him, such as a country that does not extradite.

      d.  I asked BROWN if he had researched registration requirements for California.  BROWN stated that he did not, but admitted to having researched what countries would allow a sex offender, with his charges, into that specific country.  BROWN stated that he had identified Russia as a country that would allow him to enter.  BROWN stated he felt his prior charge was not a crime since he was only viewing and not physically touching a child in a sexual manner.  BROWN reiterated that he didn't register in California because he didn't think he needed to register in California.  When asked whether he did not register because he did not think he had broken the law, he answered affirmatively by nodding twice.

    13.  After the interview was concluded, SA Baker and I turned off the recording equipment.  After the recording device was turned off, BROWN made the following additional statements which I personally witnessed:

      a.  I asked BROWN if he had an emergency contact in the event of a medical situation.  BROWN stated that he did not have an emergency contact, but he was about to have a medical emergency.  BROWN was asked about what type of medical emergency

he was about to have, and he stated that he would do harm to the law enforcement personnel conducting the search warrant and flee out the window.

      b.   While at the residence, BROWN appeared to become more agitated, and stated to SA Baker he would harm himself, or someone else, if not arrested immediately.  BROWN also stated that if released, he would find "one of you," which I understood to mean a law enforcement officer, and hurt them.

## V. CONCLUSION

14.   For all the reasons described above, there is probable cause to believe that BROWN has committed a violation of 18 U.S.C. § 2250(a): Failure to Register Under the Sex Offender Registration and Notification Act.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this   24th  day of
June, 2021.

_____
HONORABLE ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE